IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-00098-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DASHAWN JEWELIN MCCALL, | ) | |
| | ) | |
| Defendant. | ) | |

On June 1, 2021, Dashawn Jewelin McCall ("McCall" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 43]. On July 31, 2021, McCall, through counsel, filed a memorandum in support [D.E. 46]. On September 10, 2021, the United States responded in opposition [D.E. 50]. As explained below, the court denies McCall's motion.

I.

On June 20, 2017, McCall pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). See [D.E. 21]. On December 5, 2017, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 36] 4–5; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated McCall's total offense level to be 17, his criminal history category to be V, and his advisory guideline range to be 46 to 57 months' imprisonment. See PSR [D.E. 28] ¶ 64. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McCall to 57 months'

imprisonment. See [D.E. 35] 2.[1]

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious

---

[1] McCall requests that his federal sentence run concurrently with a state sentence McCall received around the same time. See [D.E. 43] 4. On May 26, 2020, the BOP wrote to the court asking whether McCall's two sentences ran concurrently or consecutively. See [D.E. 41]. On June 2, 2020, the court responded to the BOP's letter, and the court restates its conclusion here: McCall's federal sentence runs consecutively to any state sentence. See Sester v. United States, 566 U.S. 231, 237 (2012).

medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states that

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

3

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), petition for cert. docketed, (U.S. Sept. 8, 2021) (No. 21-5624); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides

---

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

McCall seeks compassionate release pursuant to section 3582(c)(1)(A). See [D.E. 43]. McCall pursued some administrative remedies before moving for compassionate release. See [D.E. 46] 2. The government has not invoked section 3582's exhaustion requirement. See [D.E. 50]; see also United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[3] Accordingly, the court addresses McCall's motion on the merits.

In support of his motion for compassionate release, McCall cites the COVID-19 pandemic, his health conditions (asthma and high blood pressure), his release plan, and his supportive family. See [D.E. 46] 5–7. The "medical condition of the defendant" policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

---

[3] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

McCall argues that his asthma and high blood pressure make him more likely to contract COVID-19. See [D.E. 46] 6. McCall, however, already had and recovered from COVID-19 in February 2021, thereby obtaining natural antibodies. See id.; [D.E. 43] 2–3. Moreover, McCall was then vaccinated, further reducing his risk of serious reinfection. See [D.E. 50] 22; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Accordingly, reducing McCall's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and McCall's asthma and high blood pressure are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing McCall's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

McCall is 28 years old and a violent recidivist. See PSR ¶¶ 11–22. McCall is currently incarcerated for knowingly possessing a firearm as a convicted felon. See id. ¶¶ 1–3. McCall's prior record is serious and violent and includes breaking and entering (seven counts), larceny (two counts), resisting a public officer, eluding arrest with a motor vehicle with two aggravating factors, assault with a deadly weapon on a government officer, and child abuse. See id. ¶¶ 11–22. Furthermore, McCall incurred numerous infractions during a state term of incarceration, including for fighting and

6

a sexual act, though he has been infraction free for at least the last year of his federal sentence. See id. ¶ 20; [D.E. 43] 3. McCall also has a history of probation revocations and violations, including for absconding while on supervision. See PSR ¶¶ 12–13, 21.[4]

The court has also considered McCall's rehabilitation efforts, potential exposure to COVID-19, medical conditions, treatment within the BOP, and release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019).[5] Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat McCall, the section 3553(a) factors, McCall's arguments, the government's persuasive response, and the need to punish McCall for his criminal behavior, to incapacitate McCall, to promote respect for the law, to deter others, and to protect society, the court declines to grant McCall's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for McCall's request for home confinement, see [D.E. 46] 4–5, McCall apparently seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant

---

[4] Possibly in recognition of his history of violating probation, McCall offers to pay for ankle monitoring if the court grants his motion for compassionate release. See [D.E. 46] 6. That offer does not mitigate the seriousness of McCall's criminal conduct, criminal history, abysmal record on supervision, or danger.

[5] The court recognizes McCall's argument that educational programs have been closed or accepting fewer people during the pandemic. See [D.E. 43] 3; [D.E. 46] 6. However, McCall has been incarcerated since late 2017, see [D.E. 35], and he has not cited any efforts to work or participate in educational programs before the pandemic. Cf. [D.E. 43, 46].

7

home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent McCall asks the court merely to recommend home confinement to the BOP, the court declines to do so. As such, the court dismisses McCall's request for home confinement.

II.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 43] and DISMISSES his request for home confinement.

SO ORDERED. This 6 day of October, 2021.

JAMES C. DEVER III
United States District Judge